UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOSE ULISES ESCOBAR IRAHETA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 15-1121 (RMC) |
| MAGIC MEALS, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**OPINION**

Jose Ulises Escobar Iraheta was employed as an hourly worker by Defendants from 1999 to 2015. He seeks unpaid minimum and overtime wages under federal and D.C. law. As explained below, the D.C. law claims will be dismissed.

**I.  FACTS**

Jessie Yan and Vanessa Lim own and operate Magic Meals, Inc.[1] Magic Meals does business as Nooshi, a restaurant located at 1120 19th Street, NW, Washington, D.C. 20039. Magic Meals previously did business as Oodles Noodles at the same location. Defendants employed Mr. Escobar Iraheta as a busboy from July 1, 1999 through July 11, 2015. 2d Am. Compl. [Dkt. 10] at ¶¶ 13, 16, 22. He did not receive tips. *Id*. ¶ 15. Mr. Escobar Iraheta alleges that while he worked 63.5 hours each week, which included 23.5 hours of overtime, Defendants never paid him the one and one half times minimum wage he was owed for the overtime hours. *Id*. ¶¶ 16-18, 23, 26. Further, he alleges that Defendants paid him less per hour than what was

---

[1] Magic Meals, Ms. Yan, and Ms. Lim are referred to as Defendants.

1

required under federal and D.C. minimum wage laws.  *Id*. ¶¶ 22, 24-25.  Mr. Escobar Iraheta filed this suit on July 14, 2015, and on October 28, 2015, he filed a Second Amended Complaint alleging:  Count I, failure to pay minimum and overtime wages under the Federal Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*; Count II, failure to pay minimum and overtime wages under the D.C. Minimum Wage Act, D.C. Code § 32-1001 *et seq.*; and Count III, failure to pay wages under the D.C. Wage Payment Act, D.C. Code § 32-1301 *et seq.*

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face.  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must contain sufficient factual information, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A court must assume the truth of all well-pleaded factual allegations and construe reasonable inferences from those allegations in favor of the plaintiff.  *Sissel v. Dep't of Health & Human Servs.*, 760 F.3d 1, 4 (D.C. Cir. 2014).  A court need not accept inferences drawn by a plaintiff if such inferences are not supported by the facts set out in the complaint.  *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Further, a court does not need to accept as true legal conclusions set forth in a complaint.  *Iqbal*, 556 U.S. at 678.  In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice.  *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

### III. ANALYSIS

#### A. D.C. Wage Payment Act

Defendants move to dismiss Count III, the claim under the D.C. Wage Payment Act, D.C. Code § 32-1301 *et seq.*, because the D.C. Minimum Wage Act, D.C. Code § 32-1001 *et seq.*, provides the exclusive remedy for failure to pay minimum and overtime wages. The D.C. Minimum Wage Act governs *what* an employer must pay, whereas D.C. Wage Payment Act governs *when* an employer must pay. The D.C. Wage Payment Act governs the timing of wage payments by providing that an employer "shall pay all wages earned to his employees at least twice during each calendar month, on regular paydays designated in advance by the employer" and that "not more than 10 working days may elapse" between the designated pay periods. D.C. Code § 32-1302. The Wage Payment Act also specifies when wages must be paid to an employee who resigns, is discharged, or is suspended. *Id*. § 32-1303. The Wage Payment Act does not apply to disputes over the *amount* of wages due to an employee, because § 32-1304 expressly provides that when there is a dispute over the amount owed, the employer is required only to pay the undisputed amount to comply with the Act. *Fudali v. Pivotal Corp.*, 310 F. Supp. 2d 22, 27 (D.D.C. 2004).

Mr. Escobar Iraheta makes no complaint regarding *when* he was paid by Defendants. His complaint is about the *amount* he was paid. He complains that he did not receive the mandated minimum wage and he did not receive overtime wages. Accordingly, the D.C. Wage Payment Act claim (Count III) will be dismissed.

#### B. D.C. Minimum Wage Act

Defendants also move to partially dismiss Count II, Mr. Escobar Iraheta's claim under the D.C. Minimum Wage Act, asserting that claims for minimum and overtime wages more than three years before the complaint was filed are barred by the statute of limitations.

3

Because the Complaint was filed on July 14, 2015, the three year statute of limitations bars Mr. Escobar Iraheta's wage claims for pay periods prior to July 14, 2012.

The D.C. Code provides for a three year statute of limitation for suits under the Minimum Wage Act filed after February 26, 2015 (like this case) as follows:

> Any action commenced . . . on or after February 26, 2015, to enforce any cause of action for unpaid wages or liquidated damages under [the D.C. Minimum Wage Act], . . . must be commenced within 3 years after the cause of action accrued, or of the last occurrence if the violation is continuous, or the cause of action shall be forever barred.

D.C. Code § 32-1308(c)(1).

### A. Tolling

Mr. Escobar Iraheta claims that this statute of limitations was tolled because his employer failed to provide notice of his pay rate and failed to post notice of the applicable regulations at the workplace. Section § 32-1308 expressly provides for tolling "[d]uring any period that the employer fails to provide the complainant with actual or constructive notice of the employee's rights." *Id*. § 32-1308(c)(2)(B). Additional Code sections also provide for tolling of § 32-1308. D.C. Code § 32-1008(c) requires that employers notify their employees of certain information, including the employee's rate of pay and the basis for that rate, and § 32-1008(d)(3) provides that the three year statute of limitations under § 32-1308(c) shall not begin until the employer provides such notice to its employees. Section 32-1009(a) provides that employers must post wage regulations conspicuously in the place of employment and that the three year statute of limitations under § 32-1308(c) does not begin until the employer posts the proper workplace notice.

The D.C. Council added the tolling provisions under §§ 32-1008(d)(3), 32-1009(a), and 32-1308(c) to the D.C. Code in 2014, with an effective date of February 26, 2015.

*See* Wage Theft Prevention Amendment Act of 2014, Law 20-157 (Act 20-426) (approved Sept. 19, 2014; effective Feb. 26, 2015). Previously, there were no tolling provisions. Statutes are not given retroactive effect "unless the legislative purpose to do so plainly appears." *District of Columbia v. Gallagher*, 734 A.2d 1087, 1093 (D.C. 1999). The Wage Theft Prevention Amendment Act of 2014 does not contain any provisions providing for retroactivity, and there is no legislative history indicating that the D.C. Council intended the tolling provisions to be retroactive.[2]

Accordingly, the three year statute of limitations bars Mr. Escobar Iraheta's wage claims for pay periods prior to July 14, 2012. Tolling does not apply to any of Mr. Escobar Iraheta's claims for pay periods prior to July 2012, because the tolling provisions did not take effect until February 2015.

### B. Continuing Violation

Mr. Escobar Iraheta also argues that the statute of limitations does not apply because the employer's violation was continuous. D.C. Code § 32-1308(c)(1) ("Any action . . . must be commenced within 3 years after the cause of action accrued, or *of the last occurrence if the violation is continuous* . . . ." (emphasis added)). However, the case law is clear that a suit, such as this one, claiming deficient wages under the D.C. Minimum Wage Act presents a new cause of action for each pay period. *William J. Davis, Inc. v. Young*, 412 A.2d 1187, 1191 (D.C. 1980) ("In cases of periodic payment, such as wages, each payment date gives rise to a new claim."); *accord Figueroa v. D.C. Metropolitan Police Dep't*, 633 F.3d 1129, 1134 (D.C. Cir.

---

[2] Mr. Escobar Iraheta argues that the tolling provisions are retroactive, relying on *Davis v. District of Columbia*, No. 2005-CA-8772 B, 2010 D.C. Super. LEXIS 6 (D.C. Super. Ct. Nov. 23, 2010) and *Sharma v. District of Columbia*, 791 F. Supp. 2d 207, 213 (D.D.C. 2011) (following *Davis*). *Davis* and *Sharma* are inapposite because they dealt with the retroactivity of the D.C. Whistleblower Protection Act, not the Wage Theft Prevention Amendment Act.

2011) (noting that the D.C. Minimum Wage Act is modeled after the FLSA, 29 U.S.C. § 201 *et seq.*, and holding that claims for unpaid overtime under the FLSA accrue each payday that overtime is not paid). The "continuous violation" clause does not apply, and Mr. Escobar Iraheta is barred from pursuing claims based on pay periods outside of the three year limitations period.

### IV. CONCLUSION

For these reasons, Defendants' partial motion to dismiss [Dkt. 12] will be granted. The D.C. Wage Payment Act claim (Count III) will be dismissed, and the D.C. Minimum Wage Act claim (Count II) will be limited as follows: the three year statute of limitations bars Mr. Escobar Iraheta's wage claims for pay periods prior to July 14, 2012. A memorializing Order accompanies this Opinion.

Date: August 23, 2016                                    /s/
                                                   ROSEMARY M. COLLYER
                                                   United States District Judge